IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BUFFALO PATENTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA MOBILITY LLC, <br><br> Defendant. | Case No. 22-cv-04540 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

In this action, Plaintiff Buffalo Patents LLC claims that Motorola Mobility LLC infringes two of Buffalo's patents related to speech and handwriting recognition technology. In response, Motorola moved to dismiss the complaint, arguing that Buffalo's asserted patents are invalid because they are directed to patent ineligible abstract ideas, and also that Buffalo's indirect infringement claim is not sufficiently pled. For the reasons stated herein, Defendant's Motion to Dismiss [25] is denied.

**I. Background**

The following factual allegations taken from the operative complaint (Dkt. 1) are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

This case involves two patents owned by Buffalo: U.S. Patent Nos. 6,904,405 ("the '405 Patent") and 8,204,737 ("the '737 Patent"). Compl. ¶ 9. The Patents are both entitled "Message Recognition Using Shared Language Model." *Id*. ¶ 12. *Id*. ¶¶ 12, 30. The patented technology is used in connection with virtual keyboards on

1

smartphones and other devices that include speech and handwriting conversion to text data. *Id.* ¶ 9. The '405 Patent discloses using language models to improve conversion of speech and handwritten data into text data by training one of the language models. *Id.* The '737 Patent discloses converting speech and handwritten data into text data, where one of the language models is adjusted. *Id.* Buffalo alleges that Motorola sells products that include virtual keyboard technology that directly infringe at least Claim 7 of the '405 Patent. *Id.* ¶¶ 14–15. And Buffalo alleges that Motorola sells products that have virtual keyboard technology that directly infringe at least Claims 1 and 13 of the '737 Patent. *Id.* ¶ 33. Buffalo also alleges that Motorola induced infringement by advising or directing customers, end users, and others to use the accused products in an infringing manner. *Id.* ¶ 67.

In Count I, Buffalo claims Motorola directly infringed the '405 Patent and in Count II, it alleges that Motorola directly infringed the '737 Patent. In addition, Buffalo claims that Motorola indirectly infringed the '737 Patent by inducing others to directly infringe that patent. Compl. ¶ 64.

**II. Standard**

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing

2

that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

### III. Analysis

#### A. Standard under 35 U.S.C. § 101

Under 35 U.S.C. § 101, "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent[.]" The Supreme Court limited the application of § 101 however: the "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." *Alice Corp. Pty. v. CLS Bank Int'l*, 573 U.S. 208, 216 (2014) (internal quotation marks omitted). Because every patent is presumed to be issued properly, *see* 35 U.S.C. § 282(a), a party challenging patent eligibility must point to clear and convincing evidence that the patent covers a patent-ineligible subject matter, *see Microsoft Corp. v. i4i Ltd. P'ship*, 564 U.S. 91, 95 (2011).

Patent eligibility under § 101 "is a question of law that may involve underlying questions of fact." *MyMail, Ltd. v. ooVoo, LLC*, 934 F.3d 1373, 1379 (Fed. Cir. 2019).

It "may be resolved at the Rule 12 stage only if there are no plausible factual disputes after drawing all reasonable inferences from the intrinsic and Rule 12 record in favor of the non-movant." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130 (Fed. Cir. 2022). In *Alice*, the Supreme Court set forth a two-step framework for distinguishing patents that claim abstract ideas from those that claim patent-eligible applications of those concepts. *See* 573 U.S. at 217. That framework asks "(1) whether the claim is directed to a patent-ineligible concept," and if so, "(2) whether the elements of the claim, considered both individually and as an ordered combination, add enough to transform the nature of the claim into a patent-eligible application." *Intell. Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1325 (Fed. Cir. 2017).

In its motion Motorola argues that Buffalo's asserted claims fail under both *Alice* Step One and Step Two. The Court finds that Buffalo sufficiently pleads a patent-eligible concept and dismissal at this pleadings stage is not warranted.

### B. Step one of the *Alice* framework

Motorola contends that the claims from the '405 and '737 Patents are directed to subject matter that is not patent-eligible—the abstract idea of recognizing a message (speech and handwriting) and converting that data to text data. [25-1]. Motorola asserts that the Patents' claims reflect functions "that humans have performed for centuries." *Id*. at 10. It argues that the claims recite only the desired result without describing how to perform message recognition or how the "training" or "adjusting" of the language model is achieved. In short, according to Motorola, the claims are merely "a 'pen and paper' activity". *Id*. at 14. The patents use "basic, conventional

4

hardware and software with no focus on improving the processing techniques." *Id*. Buffalo in response asserts that the claims "are directed to improving conventional message recognition technology." [34 at 8]. Specifically, they improve the system's ability to learn from a user's correction of misrecognition errors and adjusting or training the language model to make the system more accurate. *Id*.

Under step one of *Alice*, courts consider "what the patent asserts to be the focus of the claimed advance over the prior art." *Solutran, Inc. v. Elavon, Inc.*, 931 F.3d 1161, 1168 (Fed. Cir. 2019) (cleaned up). The claim language "defines the breadth of each claim" although the specification may also "help illuminate the true focus of a claim." *ChargePoint, Inc. v. SemaConnect, Inc.*, 920 F.3d 759, 766 (Fed. Cir. 2019). Where the "focus of the claimed advance over the prior art" shows that "the claim's character as a whole is directed to" steps that "can be performed in the human mind, or by a human using a pen and paper" the claim is for a patent-ineligible abstract idea. *Affinity Labs of Texas, LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1257 (Fed. Cir. 2016) (cleaned up). At the same time, "an invention is not rendered ineligible for patent simply because it involves an abstract concept." *Alice*, 573 U.S. at 217. "[A]n improvement to computer functionality," for example, is not abstract. *See Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1334-35 (Fed. Cir. 2016) (noting there is not one determinative test for deciding what constitutes an abstract idea).

Here, taking the factual allegations in the complaint as true, together with all reasonable inferences, shows that the claims in the Patents are directed to a technical improvement in conventional message recognition technology, not an abstract idea.

5

As Buffalo points out [34], the background of the '737 Patent describes at length deficiencies in prior art computer systems for message recognition. '737 Patent at 1:15–4:67. The patent explains that the "need remains for message recognition with high accuracy," that "manual operation limits the portability of models in a conventional speech recognition system," and "models based on purely the N-gram paradigm can utilize only limited information about the context of words to enhance recognition accuracy." *Id.* 3:47–4:35. So there was a need "for a multisource message recognizer that can apply user correction to appropriately perform training for multiple types of recognition, by applying the correction of a message misrecognition only to those models employed in the type of message recognition to which the training is directly relevant." *Id.* 4:11–17. The description goes on to explain how the '737 Patent improves on the technology. *Id.* 5:61–7:33; *see also* Compl. ¶ 9. For example, "by permitting alternating speech and pen input using stylus, text processing system provides speech recognition with improved accuracy and editing convenience." '737 Patent at 7:58–60. The system improves the accuracy of speech and handwriting recognizers by adapting a model and then operating in accordance with the adapted model. *Id.* 23:10–16. And instead of being tied to a specific computer system, the technology uses message models that save digital indicia in local memory. *Id.* 3:50–60; 22:26–30.

In sum, because these patents are directed to a specific improvement to message recognition technology, they are not abstract. Motorola insists that the "asserted claims merely recite a result of converting speech or handwriting to text that may be

6

corrected." [25-1 at 10]. However the Federal Circuit has cautioned against describing claims at "a high level of abstraction and untethered from the language of the claims." *Enfish*, 822 F.3d at 1337. Doing so risks that "the exceptions to § 101 swallow the rule." *Id.*; *see also CosmoKey Sols. GmbH & Co. KG v. Duo Sec. LLC*, 15 F.4th 1091, 1097 (Fed. Cir. 2021) (critiquing an overly broad characterization of the focus of the claimed advance). The Court does not agree with Motorola that the claims and specifications lack any specified process or systems. *See CardioNet, LLC v. InfoBionic, Inc*, 955 F.3d 1358, 1371 (Fed. Cir. 2020) (noting the patent described the benefits of the claimed device and finding that the district court erred when it did not draw all reasonable inferences in plaintiff's favor).

Further, the cases that Motorola relies on are distinguishable. For example *In re TLI Commc'ns LLC Pat. Litig.*, 823 F.3d 607 (Fed. Cir. 2016), the claim's "recited physical components merely provide a generic environment in which to carry out the abstract idea of classifying and storing digital images in an organized manner." *Id.* at 611. That is different from the present case involving specific improvements to computer message recognition systems. The claims and specifications do not generically describe a system and method without any technical details about the components. *Cf. Univ. of Fla. Rsch. Found., Inc. v. Gen. Elec. Co.*, 916 F.3d 1363, 1368 (Fed. Cir. 2019).[1] For example the patent specifies that a microphone couples a voice input from a stylus to a speech recognizer via a transmitter and receiver, the

---

[1] Motorola also relies on some case law decided at different procedural postures, not at the pleading stage. *E.g. Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229 (Fed. Cir. 2016); *Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285 (Fed. Cir. 2020); *BSG Tech LLC v. Buyseasons, Inc.*, 899 F.3d 1281 (Fed. Cir. 2018); *Intell. Ventures*, 850 F.3d 1332.

7

recognizer generates text data, and a tablet interface interprets editing commands and provides indicia of the editing commands to an editor. '737 Patent at 6:44–54. The claims thus "do not merely recite generalized steps to be performed on a computer using conventional computer activity." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1308 (Fed. Cir. 2020) (explaining that the technology changed the manner of transmitting data which resulted in reduced response time).[2]

Viewed as a whole at the pleading stage, the claims are patent eligible because they "*improve[] an existing technological process*, not because they were implemented on a computer." *Alice*, 573 U.S. at 223 (emphasis added).

### C. *Alice* step two

Because this Court concludes that the asserted claims are not directed to an abstract idea under *Alice* step one, it need not proceed to step two of the *Alice* analysis. *See Enfish*, 822 F.3d at 1339. Nevertheless the Court finds that Buffalo would survive this step as well. In this step, a court considers "the elements of each claim both individually and as an ordered combination to determine whether the additional elements transform the nature of the claim into a patent-eligible application.'" *Weisner v. Google LLC,* 51 F.4th 1073, 1081 (Fed. Cir. 2022). In this analysis the "inventive concept" may arise in one or more of the individual claim limitations or in

---

[2] Buffalo's supplemental authority, *Buffalo Pats., LLC v. Motorola Mobility LLC*, No. 22-CV-621, 2023 WL 4594945 (N.D. Ill. July 18, 2023), though it did not involve identical technology as here, contains reasoning this Court finds persuasive. The court in that case concluded that the claims were not directed at an abstract idea of packaging data packets but rather at the "unconventional use of the claimed elements which achieves technological improvements in internet telephony." *Id.* at *7. Again, here the focus of the claimed advance is specific technological improvements to message recognition systems.

8

the ordered combination of the limitations. *Alice*, 573 U.S. at 217. A Rule 12 motion to dismiss can only be resolved if the specification itself "admits that the claim elements are well-understood, routine, and conventional." *Riggs Tech. Holdings, LLC v. Cengage Learning, Inc.*, 2023 WL 193162, at *4 (Fed. Cir. Jan. 17, 2023); *see also Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F. 3d 1306, 1315 (Fed. Cir. 2019).

Motorola argues that Buffalo's patent claims do not include an "inventive concept" beyond the abstract idea itself. Buffalo counters that the claims recite multiple alleged inventive concepts. The Court finds the asserted patents disclose a technical solution to a specific system using inventive concepts. At a minimum there is a factual dispute about whether the asserted patents involve components performing well-understood, routine, conventional activities, or an inventive concept. *See Buffalo Pats., LLC*, 2023 WL 4594945, at *8 ("at the very least there are factual disputes regarding whether the patents contain an inventive concept which would preclude granting Motorola's motion [to dismiss]."). The *Alice* step two analysis in *Enco Sys., Inc. v. DaVincia, LLC*, 845 F. App'x 953 (Fed. Cir. 2021) was different because there the patent required only an "off-the-shelf, conventional computer" and "display technology." *Id*. at 955. By contrast, the asserted patents here involve multiple components and specifically aim to improve on conventional computer workstations and misrecognitions by conventional message recognizers. '737 Patent at 1:15–16; 3:45–50. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014) (claims satisfied *Alice* step two where "the claimed solution is necessarily rooted

in computer technology in order to overcome a problem specifically arising in the realm of computer networks").

Drawing reasonable inferences in Buffalo's favor, as is required at this stage, Buffalo survives the motion to dismiss under both steps one and two of the *Alice* framework.

### D. Indirect Infringement

The Court turns to Buffalo's indirect infringement claim. Under Section 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b). Buffalo alleges that "Motorola took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the '737 Patent." Compl. ¶ 66. Further, "Motorola has [] indirectly infringed by contributing to the infringement of the '737 Patent. Motorola has contributed to the direct infringement of the '737 Patent by the end user of the accused products." *Id*. ¶ 81.

Motorola argues that Buffalo fails to sufficiently allege how Motorola specifically intended to encourage others to infringe the '737 patent. Motorola also contends that Buffalo's contributory infringement claim should be dismissed. For its part, Buffalo argues that it sufficiently pled intent and knowledge for induced infringement. As to contributory infringement, Buffalo says it plausibly alleged that the feature or component has no substantial non-infringing uses.

In *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1342 (Fed. Cir. 2012), the Federal Circuit, discussing an induced infringement

10

claim, explained that a plaintiff is not required prove it is entitled to relief at the pleading stage. In this case the Court finds that the complaint contains allegations plausibly showing that Motorola specifically intended its customers to infringe the patent and knew that the customer's acts constituted infringement. *See id.* at 1339; Compl. ¶¶ 5, 70–71, 77–78, 86–87.

Buffalo next argues that it sufficiently pleaded that components of the accused product used to infringe lack substantial non-infringing uses. Indeed the complaint alleges that "[t]he accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the '737 Patent, including, for example, Claims 1 and 13 of the '737 Patent." Compl. ¶ 82. *See Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1357 (Fed. Cir. 2018) ("We must presume these allegations are true at the pleading stage [and] disput[ing] these allegations [] is a factual inquiry not suitable for resolution on a motion to dismiss.").

The Court declines to dismiss at the pleadings stage Buffalo's induced and contributory infringement claims.

### IV. Conclusion

For the stated reasons, Defendant's Motion to Dismiss [25] is denied. Defendant shall answer the complaint by October 2, 2023.

11

E N T E R:

Dated: September 11, 2023

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

12